## IN THE MATTER OF JAMES NEALE PLUMB.

*Surrogate — power to suspend a general guardian — to direct him to pay a gross sum of money to his ward — the discretion as to expenditures must be exercised by the guardian or the court.*

A surrogate has no power to restrain a general guardian from acting as such, and at the same time to direct him to pay out of the cash in his hands a gross sum of money to the infant, to be expended by such infant for school tuition, clothing and her daily expenses. Nor has he power to direct a general guardian to use the principal of the estate for the support and maintenance of the infant, while interest remains uncollected and the debtors owing such interest to the estate are solvent.

In respect to the supplies which are necessary for the ward, and the means of education suitable for her condition, the ward is not to judge, nor is she to incur bills in her discretion. The discretion exercised in such matters must either be that of the court or of the general guardian.

APPEAL by James Neale Plumb, general guardian of the person and estate of Sarah Lenita Plumb, from an order made on the 15th day of February, 1888, entered in the Surrogate's Court of the county of New York on the 21st day of December, 1888, modifying an injunction order made by said surrogate, dated July 19, 1888, and directing the said guardian to pay certain bills to be incurred by the infant.

*Henry Thompson*, for the appellant.

*David McClure*, for the respondent.

VAN BRUNT, P. J.:

This proceeding was instituted for the removal of James N. Plumb, as guardian of the person and estate of the respondent, and an order of reference to take proof as to the facts was duly made. Subsequently the surrogate made an order restraining the appellant from acting as guardian either of the person or estate of the infant during the pendency of the proceeding or until the further order of the court. Appeals were taken from both the foregoing orders, and before the hearing thereof an application was made for an order modifying the injunction order so as to direct the payment, by the guardian, of such sums as might be found necessary for the infant's support and maintenance during the pendency of the proceedings. Upon such motion it appeared that in the last annual account filed by the guardian, besides certain chattels and bonds, and mortgages and cash on deposit, there was a cash balance in the hands of the guardian of $6,814.36. Whether this cash was principal or interest does not clearly appear. It does, however, appear that interest upon the bonds and mortgages has not been collected for more than six months because of the injunctions. The learned surrogate upon this application made an order directing that the guardian pay out of the cash balance in his hands, within ten days after he should receive the same, bills amounting in the aggregate to $800, to be incurred by the infant Sarah L. Plumb, for school

tuition and expenses connected therewith for the coming year; and further to pay out of the said balance bills to be incurred in the purchase of necessary clothing, not to exceed in the aggregate the sum of $350; and, also, the sum of twenty-five dollars a week to the infant's attorneys, said sums to be used by the infant to meet her daily expenses. Various objections are raised to this order by the appellant. The first is that the surrogate had no power to make the order, because of the appeal from the order suspending the guardian pending in this court. Secondly, because if the surrogate had power to alter his order pending the appeal, the order now appealed from provides for an improper and illegal disposition of the infant's estate in that it improperly provides for the payment of expenses out of the estate while the income is allowed to remain uncollected in the hands of its debtors.

That the surrogate had the power to alter the order pending the appeals seems to be reasonably clear. The surrogate was not ousted of jurisdiction because of the pendency of the appeal. He had the same right to entertain an application in respect to the subject-matter that he would have had, had such appeal not been pending. It is perfectly familiar practice, even after an appeal has been taken to the Court of Appeals, for this court to amend its orders and resettle the same; and this right has been repeatedly expressly recognized by the Court of Appeals. New trials have even been granted after an appeal to the Court of Appeals has been taken, and the power of this court to so grant them has never been questioned. So in the Surrogate's Court, notwithstanding the appeal, the surrogate has jurisdiction over the proceeding, and may alter an order if the exigencies of the case requires it, even pending such appeal.

The propriety of such alteration, however, is, of course, a subject-matter of discussion, and the subject-matter of appeal in most cases, and should not be allowed for the purpose of defeating rights which have become vested by reason of the existence of the appeal. But the propriety of exercising the right is one question and the want of power is another. We think, however, that the learned surrogate should not have authorized the support of the infant out of what may be the principal of the estate while its income is uncollected.

We do not think that there is any power in the court to exhaust the principal for support and maintenance while interest remains uncollected and the debtors are solvent. In the case at bar it distinctly appears that interest upon bonds and mortgages, to a considerable amount, remains uncollected because of the existence of the injunction, and that it may be that principal is applied for the support of the infant while such income is uncollected, and no attempt made to reach the same. And, further, we do not see how it is possible to authorize the infant to expend her own estate; either the appellant is guardian, or he is not guardian. If he is the guardian of the infant, then the expenditures of the estate must be made through him; if he is not the guardian, then the maintenance of the infant can only be carried on through the intervention of a guardian of her person and estate. To direct the guardian to pay bills to given amounts which may be incurred by the infant seems to be a direction in respect to the disposition of the funds in the hands of the guardian which cannot be sustained. We know of no power in the surrogate to give general directions that the infant, no matter what her age may be, shall have the control and disposition of the funds belonging to her estate. It may be true that the court could direct the guardian to furnish certain supplies for the maintenance and education of his ward, but we do not see where the authority is which will justify the direction given to the guardian to pay bills which may hereafter be incurred by the ward. As far as the question of spending money is concerned, of course, every ward is entitled, in proportion to its estate, to a certain amount of money over which it has control. But in respect to the supplies which are necessary for the ward, and the means of education suitable to her condition, it would seem that the ward is not to judge of that nor can she incur bills at her discretion, but that it must either be the discretion of the court or the guardian which is exercised, and as a consequence it must be the payment of specific bills which are directed by the surrogate in his supervisory power over the guardian, or a direction to the guardian that he shall expend the money in the purchase of supplies for his ward, and the furnishing of education of a particular character. Any other different rule would lead to gross abuses, and, although the conclusion at which we have arrived may seem to be hard, as far as this infant is concerned, yet still it would open the door too wide

to depart from the regular and well defined path governing the relations of guardians and wards and the supervisory power which the court has over such relations.

The order should be reversed, with ten dollars costs and disbursements.

· BARTLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements.